DAVID H. TAYLOR AND JOHN T. WILLIAMS, *Partners, &c.,*
v. CARL KUHUKE.

1. ATTACHMENT, *Fraudulent Mortgage, a Ground for.* Where a defendant, who is in embarrassed circumstances in regard to his pecuniary affairs, executes a fraudulent mortgage to another without any consideration therefor, to cover up and conceal his interest in real estate, with intent to defraud and hinder his creditors, such action is sufficient ground of attachment in favor of any creditor who has a just claim against him.

2. ATTACHMENT, *Not Defeated.* The fact that such debtor thereafter offers to give the creditor an additional mortgage upon such property, will not defeat proceedings by attachment against him.

*Error from Wilson District Court.*

ACTION upon an account, brought by *Taylor* and *Williams* against *Kuhuke.* March 18, 1881, the district judge sustained defendant's motion to discharge an attachment which had been issued and levied upon certain property of defendant. This ruling the plaintiffs have brought here for review. The opinion states the facts.

*H. G. Ruggles,* for plaintiffs in error.
*C. C. Chase,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 8th day of March, 1881, the plaintiffs filed their petition in the district court of Wilson county, to recover upon an account from the defendant the sum of $960.75, with interest from the 4th day of March, 1881. In the action an attachment was issued and levied upon the property of the defendant. The grounds of the attachment are thus stated in the affidavit therefor: "That the defendant is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors, and is about to convert his property, or a part thereof, into money, with intent to defraud his creditors, and has property and rights in action which he

conceals; and has also assigned and removed and disposed of his property with the intent to hinder and defraud his creditors; and that he fraudulently contracted the liability on which this action is brought." A motion was made upon affidavits to vacate the attachment. This motion was sustained, and this ruling of the district judge is the error complained of.

As the testimony was all in affidavits, it comes before us in substantially the same manner as before the district judge. It appears from the affidavits that the defendant during the month of June, 1880, and for a long time prior, was engaged at Fredonia, in Wilson county, in the business of retailing liquors and manufactured tobacco. On June 18, 1880, he purchased the goods and merchandise set forth in the petition. Soon after such purchase he was arrested upon the charge of carrying on his business without having any legal or valid license, and upon a trial of the case in the district court, at the September term, 1880, his license for the sale of liquors was decided to be void. As soon thereafter as he could make arrangements, he left Fredonia and went to the town of Seligman, in the state of Missouri, where he continues to carry on his former business. About the time he left Fredonia, he was considerably embarrassed in his business affairs, but paid out to his creditors since September, 1880, $1,156, of which $110 was upon the claim of plaintiffs. At the time of paying the said $110, which was a few days before the institution of this action, he tendered to the agent of the plaintiffs $70 in scrip of the city of Fredonia, which was refused, and also offered to give a mortgage on the real estate hereinafter described, as security for the claim. At the time he closed business in Fredonia, he was the owner of a part of lot two, in block twenty-one, in that city (subject to a mortgage of $800), which was estimated to be worth $3,000. On the 23d day of October, 1880, he and his wife signed and acknowledged a mortgage to Frederich Koch upon this property, purporting to secure the sum of $1,500, to be paid in one year after the date of the mortgage. This mortgage the

defendant handed to one William F. Miller sometime in January, 1881, with directions to give it to Mr. Koch. On the 10th of February, 1881, Miller filed this mortgage in the office of the register of deeds of Wilson county. On the 1st day of February, 1880, the defendant executed to the said Miller, upon the same property, a mortgage purporting to secure the payment of $1,000, with ten per cent. interest thereon, one year from the date thereof. This mortgage was filed for record February 12, 1881. Although the defendant denies the allegations in the affidavit of the attachment, it is clear to us that the mortgages to Koch and Miller were given to defraud and hinder creditors. Indeed, there is scarcely any attempt made to support the Koch mortgage; and although Miller testified that he personally loaned the defend-

1. Fraudulent mortgage, ground for attachment.
ant $600, and took therefor the note and mortgage of $1,000, yet his further statements render it very probable that the consideration, including rent and loans, did not exceed $350. It seems to us therefore that the charge of attempting to defraud and hinder creditors is clearly sustained.

It is said by counsel for plaintiffs, that the district judge in passing upon the controversy, stated, as the defendant had of-

2. Attachment, not defeated.
fered a mortgage upon the premises covered by the mortgages of Miller and Koch, the attachment must be discharged. This upon the ground that defendant had offered to do all within his power to secure the plaintiff. However, no such finding or conclusion is disclosed in the record; therefore upon this point we need only say, if the attachment was discharged for this reason, it was error. After the defendant had purposely concealed and covered up his interest in the premises in Fredonia with fraudulent mortgages, an offer to execute an additional mortgage to plaintiffs would not relieve him from proceedings by attachment.

The order of the judge discharging the attachment is reversed, and the case remanded with directions to overrule the motion filed by defendant.

All the Justices concurring.